UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| THADDEUS B. SAMMONS, | ) | |
|---|---|---|
| *Plaintiff*, | ) ) ) | Case No. 1:06-cv-137 |
| v. | ) ) | Judge Mattice |
| WILLIAM BAXTER, | ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Thaddeus B. Sammons brings this action against William Baxter, in his official capacity as a Director of the Tennessee Valley Authority ("TVA"), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

Before the Court are Plaintiff's Motion for Relief from Local Rules and Defendant's Motion to Dismiss, to Strike, and for Summary Judgment.

For the reasons explained below, Plaintiff's Motion for Relief from Local Rules and Defendant's Motion to Dismiss, to Strike, and for Summary Judgment are **GRANTED**.

## I.  PLAINTIFF'S MOTION FOR RELIEF FROM LOCAL RULES

### A.  Background

On June 26, 2006, this case was transferred to the United States District Court for the Eastern District of Tennessee from the United States District Court for the Northern District of Alabama. [Court Doc. No. 18.] A scheduling conference was originally set to occur on July 28, 2006. [Court Doc. No. 19.] The scheduling conference was continued at the request of Plaintiff and rescheduled for August 24, 2006. [Court Doc. Nos. 20, 21.]

The scheduling conference was then continued a second time, this time at the request of Defendant, and rescheduled for September 22, 2006. [Court Doc. Nos. 22, 23.] The scheduling conference was then continued a third time, this time at the request of Plaintiff, and rescheduled for November 3, 2006. [Court Doc. Nos. 27, 28.] The scheduling conference occurred on November 3, 2006. [Court Doc. No. 29.]

On August 29, 2006, Defendant William Baxter filed his Motion to Dismiss, to Strike, and for Summary Judgment. [Court Doc. No. 24.] Pursuant to Local Rule 7.1(a) and Federal Rule of Civil Procedure 6(e), Plaintiff's response to such motion was due on September 21, 2006. Plaintiff did not file a response or a motion requesting an extension of time by that date. Subsequently, on November 7, 2006, and again on November 8, 2006, Plaintiff filed the instant motion requesting relief from Local Rule 7.1(a) and permission to late-file a brief in response to Defendant's motion. Defendant opposes Plaintiff's motion.

**B.    Analysis**

Federal Rule of Civil Procedure 6(b) provides that a court, in its discretion, may enlarge the time under which an act was to be done, provided that (1) cause is shown for such enlargement and (2) if the request for enlargement is made after the expiration of the original period within which the act was to be done, the failure to act within the original period was the result of excusable neglect. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitution 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) (internal quotation

marks and citation omitted). Accordingly, in determining whether a failure to file before the expiration of a deadline was the result of excusable neglect, the Court must balance five factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the late-filing party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

With respect to the first factor, Defendant argues that it would be prejudiced by Plaintiff's late-filed response because Defendant had reason to believe that, as a result of the delay in filing a response, its motion was unopposed and had been submitted to the Court for decision. The Court concludes, however, that the prejudice to Defendant caused by the allowance of a late response would be minimal. Although Local Rule 7.2 permits the Court to deem that a party has waived opposition to a motion as a result of its failure to timely file a response, such a waiver of opposition in the context of a summary judgment motion does not automatically result in the Court granting the motion. Rather, pursuant to well-established precedent, in the context of a summary judgment motion, the Court must still examine the record and determine whether the movant has met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Thus, because a party seeking summary judgment must meet its burden as movant regardless of whether the nonmovant files a response and is not entitled to the relief requested simply as a result of the nonmovant's

failure to file a response, the allowance of a late-filed response is only minimally prejudicial to the movant. The first factor weighs in favor of permitting the late-filed response.

With respect to the second factor, Defendant argues that the length of delay in the filing of Plaintiff's response has already impacted judicial proceedings and will continue to do so. The Court, however, finds that, although the length of delay in the filing of Plaintiff's response is not insignificant, its impact on these proceedings is minimal. Defendant's motion was filed on August 29, 2006, and Plaintiff's response to such motion was due on September 21, 2006. On November 7, 2006, Plaintiff sought permission to late-file his response and subsequently filed such response on November 14, 2006—nearly eight weeks after such response was due. While the Court recognizes that a delay of eight weeks is not insignificant, the Court cannot find that such delay adversely impacted these judicial proceedings since, during those eight weeks, a scheduling conference was held, and this case otherwise continued to proceed. Further, the trial of this matter is scheduled to occur on June 19, 2007, so the late-filed response would not affect the trial date or any other deadlines associated with the trial. Thus, the second factor likewise weighs in favor of permitting the late-filed response.

With respect to the third factor, Plaintiff states that he did not respond to Defendant's motion within the time specified under Local Rule 7.1(a) because of the postponement of the scheduling conference and because Plaintiff's counsel was waiting for the Court to formalize the dates for the events in this case. As noted by Defendant, the requirements of Local Rule 7.1(a) with regard to the briefing schedule for dispositive motions is completely unconnected to the date of any scheduling conference held by the Court. Regardless of when the Court holds its scheduling conference, Local Rule 7.1(a)

mandates the time within which Plaintiff was required to respond to Defendant's motion. Thus, the third factor weighs against permitting the late-filed response.

With respect to the fourth factor, the Court concludes that the delay was within Plaintiff's reasonable control. Thus, this factor weighs against permitting the late-filed response.

With respect to the fifth factor, Defendant concedes that Plaintiff does not appear to have acted in bad faith with regard to his untimely response. Thus, the fifth factor weighs in favor of permitting the late-filed response.

Taking into account all five factors, the Court concludes that, on balance, such factors weigh in favor of permitting Plaintiff's late-filed response. Accordingly, Plaintiff's Motion for Relief from Local Rules is **GRANTED**, and the Court will accept Plaintiff's response, which was filed on November 14, 2006, as timely filed.

## II. DEFENDANT'S MOTION TO DISMISS, TO STRIKE, AND FOR SUMMARY JUDGMENT

### A. Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the

credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**B.    Facts**

The Court adopts the summary of the facts in Defendant's Brief in Support of Defendant's Motion to Dismiss, to Strike, and for Summary Judgment [Court Doc. No. 25].[1]

---

[1] The Court recognizes that it is obligated to view the facts in the record in the light most favorable to Plaintiff. Plaintiff's claim fails, however, not based on the Court's view of the facts in the record, but on Plaintiff's failure to argue that the legitimate, nondiscriminatory reasons proffered by Defendant were pretext for racial discrimination. Thus, regardless of the way in which the Court views the facts in the record, Plaintiff's claim fails. As a result, an independent recitation of the facts is unnecessary.

## C. Analysis

Because there is no direct evidence of discriminatory intent in this case, Plaintiff's discrimination claim must be analyzed under the familiar *McDonnell Douglas/Burdine* burden-shifting analysis. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1972). Under this analysis, the burden first falls to Plaintiff to establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class, (2) he was discharged, (3) he was qualified for the position he held, and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated person outside the protected class. *Bailey v. Papa John's USA, Inc.*, No. 04-6499, 2006 WL 3740991, at *2 (6th Cir. Dec. 20, 2006); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992). If Plaintiff is able to make this showing, the burden then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination. *Bailey*, 2006 WL 3740991, at *4; *Mitchell*, 964 F.2d at 584. If Defendant is able to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination, the burden then shifts back to Plaintiff to produce evidence from which a jury could find that Defendant's stated reason is actually a pretext for discrimination. *Bailey*, 2006 WL 3740991, at *4; *Mitchell*, 964 F.2d at 584.

Defendant contends that Plaintiff's Title VII claim must be dismissed because Plaintiff fails to present sufficient evidence to create a genuine issue of material fact with respect to the fourth element of the *prima facie* case—whether Plaintiff was treated less favorably than a similarly situated person outside the protected class. In response, Plaintiff states that he expects to prove at trial that similarly situated employees were not required

to provide receipts for subsistence pay that covered lodging and food while away from their homes, whereas Plaintiff was required to do so.  In support of such statement, Plaintiff "incorporates the materials filed with the Defendant's Motion for Summary Judgment as well as the Plaintiff's Affidavit attached hereto."

The Court first notes that Plaintiff's response fails to comply with Local Rule 7.1(b), which requires that the answering brief "include a concise statement of the factual and legal grounds which justify the ruling sought from the court."  Plaintiff's brief falls short of what is required by Local Rule 7.1(b) in that it does not contain any citations to relevant law or to the factual record.  The Court further notes that the affidavit submitted by Plaintiff in support of his opposition to Defendant's motion is in violation of the Court's Standing Order titled *In re Electronic Case Filing Rules and Procedures*.  Paragraph 6 of such Standing Order requires that "[d]ocuments requiring an original signature other than that of the Filing User (e.g., affidavits and declarations) shall be filed by transmitting a scanned image of the document to the Electronic Filing System in PDF format."  The version of the affidavit submitted by Plaintiff is not a scanned version of the original affidavit and does not contain the actual signature of the affiant or the notary public.  Thus, such affidavit does not comply with the Court's Standing Order.  Despite these shortcomings, the Court will consider Plaintiff's submissions.

As noted above, Defendant's first argument is that Plaintiff has failed to establish the fourth element of the *prima facie* case of Title VII discrimination.  For the moment, however, the Court will assume *arguendo* that the record contains sufficient evidence from which a jury could conclude that Plaintiff has proved all elements of a *prima facie* case of Title VII discrimination. In such a situation, under the *McDonnell Douglas/Burdine* analysis,

the burden would shift automatically to Defendant to articulate a legitimate, nondiscriminatory reason for TVA's treatment of Plaintiff.

Defendant contends in its motion that TVA did, in fact, have legitimate, nondiscriminatory reasons for its treatment of Plaintiff, including its actions in terminating Plaintiff's employment. To meet its burden of articulating a legitimate, nondiscriminatory reason, "the defendant's explanation of its legitimate reasons must be clear and reasonably specific." *Burdine*, 450 U.S. at 258. The defendant need not persuade the court that it was actually motivated by the proffered reasons, but it must raise a genuine issue of material fact as to whether it discriminated against the plaintiff. *Id.* at 254-55. In this case, the Court concludes that Defendant has met his burden of articulating legitimate, nondiscriminatory reasons for TVA's treatment of Plaintiff. Specifically, Defendant presents evidence that the investigation into Plaintiff's conduct began as a result of Plaintiff's misstatements regarding the disposition of the Murfreesboro substation batteries and his crew's failures to be at its assigned work location, that Plaintiff falsified his timesheets to indicate that he was at a TVA work location when, in fact, he was not there, that he drove his assigned TVA vehicle to his home on the weekend in violation of a company policy of which Plaintiff was aware, and that he was placed on annual leave when he was unavailable to fulfill his assigned duties (*i.e.*, assisting with the investigation into his activities).

Pursuant to the *McDonnell Douglas*/*Burdine* analysis, once the defendant has articulated a legitimate, nondiscriminatory reason for its treatment of the plaintiff, the burden shifts to the plaintiff, who must, in order to withstand summary judgment, establish that the defendant's proffered reason was pretextual. *Mitchell*, 964 F.2d at 584. The

plaintiff may meet this burden by offering evidence sufficient to establish that the defendant's proffered reason (1) had no basis in fact, (2) did not actually motivate the defendant's decision to terminate the plaintiff, or (3) was insufficient to warrant the plaintiff's termination. *Bailey*, 2006 WL 3740991, at *4; *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 576 (6th Cir. 2006). In this case, Plaintiff fails to argue that Defendant's proffered reasons are pretextual. In the absence of any argument by Plaintiff that Defendant's proffered reasons are pretextual, the Court cannot conclude that Plaintiff met his burden of establishing pretext and, as a result, Plaintiff's Title VII discrimination claim cannot withstand summary judgment.

Accordingly, because Plaintiff failed to present sufficient evidence to establish that Defendant's proffered reasons for TVA's treatment of Plaintiff are pretextual, Defendant's Motion to Dismiss, to Strike, and for Summary Judgment is **GRANTED**, and Defendant's Title VII claim against Defendant Baxter in his official capacity is **DISMISSED WITH PREJUDICE**.

Because the Court has granted Defendant's motion and dismissed Plaintiff's claim based on Defendant's first argument, the Court need not address Defendant's other two arguments regarding the proper party Defendant and Plaintiff's entitlement to punitive damages and a jury trial.[2]

---

[2] Defendant argues in its motion that the proper party Defendant is the TVA Board of Directors rather than just William Baxter. In his response, Plaintiff acknowledges that he did not name the proper party Defendant and states that he intends to amend his complaint to name the proper party Defendant in the event his claim survives the other aspects of Defendant's motion. The dismissal of Plaintiff's Title VII claim prior to his intended amendment is proper in this case because the language of Plaintiff's response can be taken only as indicating that he defended Defendant's motion as if the proper party Defendant had been named.

### III. CONCLUSION

For the reasons explained above, it is **ORDERED** as follows:

1. Plaintiff's Motion for Relief from Local Rules [Court Doc. Nos. 30, 32] is **GRANTED**.

2. Defendant's Motion to Dismiss, to Strike, and for Summary Judgment [Court Doc. No. 24] is **GRANTED**, and Plaintiff's Title VII claim against Defendant Baxter in his official capacity is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to close the file in this case.

4. In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendant is entitled to recover his costs of this action.

SO ORDERED this 31st day of January, 2007.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE